ROYAL CROWN BOTTLING COMPANY OF KNOXVILLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21881.* Filed June 30, 1954.

*George E. H. Goodner, Esq.*, and *Dewey R. Roark, Jr., Esq.*, for the petitioner.
*William T. Holloran, Esq.*, for the respondent.

*Hearing in this case was conducted by Commissioner Edward C. Radue.

OPINION.

VAN FOSSAN, *Judge:* In order to qualify under section 722 (b) (4) petitioner contends that it commenced business in the base period on the issuance of the corporate charter at the time of its change in name and reincorporation in 1938; that during the base period it had a change of operation and management; and that there was also a difference in products which it furnished. It is our conclusion that petitioner is correct in contending that it had a change in its operation and management during the base period. Prior to Brown's becoming president, Austin had been through several years of chronic illness terminating in his hospitalization and death. Brown brought to the organization new vigor and a new approach which manifested itself in the remodeling of the plant, in the institution of more efficient methods of operation, in intensive training of salesmen, in substantially increasing the number of retail outlets, and in an advertising campaign. After Brown became president, the operation of petitioner's business was markedly different from that obtaining theretofore. We believe that Brown's operations adequately disclose a change of operation and management; and we are further convinced that because of this factor petitioner's average base period net income is an inadequate standard of normal earnings.

Having concluded that petitioner thus qualifies, it is not necessary for us to consider whether a qualification has been established by reason of the other above enumerated factors upon which petitioner relies, although the effect of these may nonetheless be reflected in the reconstruction of petitioner's constructive average base period net income. See *Rand Beverage Co.*, 18 T. C. 275.

Upon consideration of the entire record, we have concluded and found as a fact that petitioner, by the end of its base period, would have reached an earning level for the year ending October 31, 1940, $3,500 in excess of its actual earnings for that period. Using the population figures of Knoxville as an appropriate basis for backcasting, it is our conclusion that $11,000 is a fair and just amount representing normal earnings to be used as a constructive average base period net income.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*